*E-Filed 2/26/13*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES EARL HARVEY, | No. C 11-4332 RS (PR) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS;** |
| v. | |
| J. HINDT, et al., | **ORDER DIRECTING DEFENDANTS TO FILE A MOTION FOR SUMMARY JUDGMENT** |
| Defendants. / | |

Defendants' motion to dismiss the action on grounds that plaintiff has failed to state claims for relief (Docket No. 14) is DENIED. Plaintiff's allegations, when liberally construed, appear to state claims for relief. Defendants' grounds for dismissal are more properly raised in a motion for summary judgment. **Accordingly, defendants shall file a motion for summary judgment on or before June 1, 2013.** Plaintiff shall file and serve on defendants his opposition, if any, within 45 days after the motion for summary judgment has been filed. If plaintiff files an opposition, defendants may, but are not required to, file a reply, which shall be filed and served on plaintiff within 15 days after plaintiff's opposition is filed. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

Defendants are reminded that a recent decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012). **Defendants shall provide the following notice to plaintiff when they file and serve any motion for summary judgment:**

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

The parties' motion to stay discovery pending resolution of the motion to dismiss (Docket No. 17) is DENIED as moot. The Clerk shall terminate Docket No. 14 and 17.

**IT IS SO ORDERED**.

DATED: February 26, 2013

RICHARD SEEBORG
United States District Judge