*E-Filed 2/28/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES EARL HARVEY, | No. C 11-4332 RS (PR) |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| J. HINDT, et al., | |
| Defendants. | |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Defendant Hindt, the sole remaining defendant, moves for summary judgment. The other named defendants were dismissed by prior order of the Court. (Order of Service, Docket No. 4.) For the reasons stated herein, defendant Hindt's motion for summary judgment is GRANTED.

## BACKGROUND

Plaintiff claims that defendant, a correctional officer at Pelican Bay, violated his First and Sixth Amendment rights by mishandling a piece of legal mail. Defendant moves for

summary judgment on the grounds that plaintiff has failed to show that defendant's mishandling was intentional, and not merely negligent.

The following facts are undisputed. On March 30, 2011, defendant Hindt, a correctional officer at Pelican Bay, opened a piece of plaintiff's legal mail in front of another inmate's cell. Forty-five minutes later, after learning of the misdeliverance, defendant gave the letter to plaintiff.

## DISCUSSION

### I.   Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. In contrast, on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. The court is only concerned with disputes over material facts. "[F]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson*,

477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 322.

**II.    Analysis**

Plaintiff claims that the March 30, 2011 incident was not a single, isolated incident, but rather "a continuation of an orchestrated assault" on his constitutional rights. (Opp. to Mot. for Summ. J. ("MSJ") at 6.) He further claims that the mishandling was a deliberate act rather than a mistake. (*Id.*) Specifically, plaintiff argues that this incident violated his First Amendment right to send and receive legal mail, and his Sixth Amendment right to counsel.[1]

**A.    First Amendment**

Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, *see Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974). At the same time, the opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government. *See O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996) (citing *Laird v. Tatum*, 408 U.S. 1, 11 (1972)). Isolated incidents of mail interference without any evidence of improper motive or resulting interference with the right to counsel or access to the courts, however, do not give rise to a constitutional violation. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)

---

[1] Plaintiff also alleges that the misdeliverance exposed him to danger from other inmates. His allegations are entirely conclusory — he fails to allege what dangers, what persons were dangerous, any threats he received or any actual incidents in which he was in danger.

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See *Farmer v. Brennan*, 511 U.S. 825, 835–36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). The Ninth Circuit has held that negligence which resulted in the opening of legal mail outside the presence of the intended prisoner to whom it was sent does not constitute constitutional error. *Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir. 1989). "In the context of constitutional torts, it is the deliberate, intentional abuse of governmental power for the purpose of depriving a person of life, liberty or property that the fourteenth amendment was designed to prevent." *Id.* (citations omitted.)

Plaintiff in this case fails to raise a genuine issue as to any material fact showing defendant acted with anything more than negligence in opening the legal envelope outside of his presence. Defendant describes the incident as "a simple oversight." (MSJ, Hindt Decl. ¶ 6.) Plaintiff argues that, owing to his numerous lawsuits against prison officials for First Amendment violations, he has no doubt that the defendant's act was intentional. (Opp. at 3–6.) Defendant, however, is and was not a party to any other lawsuits filed by plaintiff. (MSJ, Hindt Decl. ¶ 6.) Plaintiff does not allege that defendant has deprived him of his constitutional rights at any other time. Defendant is not involved in any gang investigations. (*Id.* ¶ 7.) Outside of his conclusory statement, plaintiff offers no evidence that defendant's actions were anything other than negligent. Whether defendant gave the legal envelope to another inmate before returning it to plaintiff is irrelevant to a determination of intent. (Opp. at 2–3.) The fact that defendant may not have followed prison procedures does not make his actions a violation of the Constitution. Even assuming that this incident interfered in some way with plaintiff's right to counsel or access to the courts, this claim is not a constitutional violation due to plaintiffs failure to raise a genuine issue regarding any material facts showing defendant's intent, or lack thereof. Accordingly, summary judgment is GRANTED on all claims of First Amendment violations.

**B.     Sixth Amendment**

Plaintiff claims that his Sixth Amendment rights were violated because his mail was returned to him without a questionnaire regarding his housing in solitary confinement, which was designed to solicit the help of counsel. (Opp. at 7.)  This is insufficient to raise a triable issue of material fact.  He has not shown evidence, as opposed to conclusory allegations, that the alleged deprivation of the questionnaire led to his inability to find counsel to pursue nonfrivolous claims, or how it otherwise affected his access to the courts, or what "critical information" the questionnaire was designed to gather.  Accordingly, defendant is entitled to summary judgment as to this claim.

## CONCLUSION

Plaintiff having failed to show that there are triable issues of material fact as to his claims, defendant's motion for summary judgment (Docket No. 20) is GRANTED as to all claims.  The Clerk shall terminate Docket No. 20, enter judgment in favor of defendant, and close the file.

**IT IS SO ORDERED**.

DATED: February 28, 2014

RICHARD SEEBORG
United States District Judge